UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rhonda Iredia-Ortega, | No. 2:17cv00842-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| County of Sacramento Human Asst. Welfare, Expedited Cal Fresh, Calwin Budget, | |
| Defendants. | |

On April 21, 2017 Plaintiff Rhonda Iredia-Ortega filed a Complaint in this Court. ECF No. 1. On May 2, 2017, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") seeking monetary relief, emergency funding, a name change, phone service, and dental services. ECF No. 4. For the reasons set forth below, Plaintiff's Motion for TRO is DENIED.

As a preliminary matter, Eastern District Local Rule 231 governs Temporary Restraining Orders. Rule 231(a) provides that "except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local R. 231(a) (citing Fed. R. Civ. P. 65(b)). Rule 231(c) additionally requires the filing of, among other things, "an affidavit

detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given." Id. 231(c)(5).

Furthermore, subsection (b) of Rule 231 states that "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Id. 231(b).

Finally, subsection (c) lists the documents to be filed by a party seeking a temporary restraining order. Id. 231(c). Under that rule, "[n]o hearing on a temporary restraining order will normally be set unless" certain documents are provided to the Court and to the affected parties or their counsel. Id. Those documents are: (1) a complaint; (2) a motion for a temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; (6) a proposed temporary restraining order with a provision for a bond; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and (8) where the TRO is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. Id.

In the present case, Plaintiff has failed to meet the requirements of Rule 231. First, although Plaintiff indicates that she provided notice of the TRO to Defendants, she has not filed the required affidavit establishing as much. Indeed, Plaintiff responded "yes" on the TRO Checklist to the question of whether notice has been provided, but then only lists one of three named defendants on that checklist. It is not clear to the

Court that notice has been provided to that one defendant, let alone the other two named defendants, or the other parties referenced in Plaintiff's Complaint and Motion. See ECF Nos. 1 and 4 (including allegations against not only the named County assistance programs, but also a bank, T-Mobile, Baker Residential Academic, Progress House Nevada City, and an individual from Progress House). Additionally, though Plaintiff also indicates in her papers that she will suffer irreparable harm absent the requested relief, she has not filed this required affidavit either. Lastly, it appears to the Court that Plaintiff has delayed in bringing this action, cutting against any imminency argument. Plaintiff in fact admits in her TRO checklist that the action could have been brought sooner, that she has been trying to work with the DOJ since 2016, that she has previously been to state court regarding her concerns, and that she received a letter in March 2017 saying she does not have a case number or court date in state court. Based on this timeline, the Court finds emergency relief to be inappropriate. Under these circumstances, Plaintiff's request may be denied on procedural grounds alone.

As for the merits of Plaintiff's motion, the purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7

(9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Plaintiff has not shown that a TRO is justified under these guidelines. First, nothing in Plaintiff's Complaint or Motion indicates that Plaintiff is facing an imminent threat that could be avoided or remedied by issuance of a TRO. The Court is sympathetic to Plaintiff's stated need for dental treatment, but Plaintiff has not established that an imminent threat exists. As discussed above, it appears Plaintiff has been attempting to address her concerns for some time and nothing has changed so recently as to now justify the emergency relief represented by a TRO. Plaintiff's request may accordingly be denied on grounds that she has not identified a sufficient imminent threat.

In addition, the Court finds Plaintiff has not established a likelihood of success on the merits of her claims, nor has she raised serious questions going to their merits. To the contrary, the Court is unclear as to what specific claims Plaintiff pursues, the bases

for those claims, or the exact identity of the defendants against whom those claims are raised.  For this additional reason, Plaintiff's request is denied.

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order, ECF No. 4, is DENIED.  The Court declines to set a hearing for preliminary injunction.

IT IS SO ORDERED.

Dated:  May 3, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE