UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA IREDIA-ORTEGA, | No. 2:17-cv-0842-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| COUNTY OF SAC HUMAN ASSIST. WELFARE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On April 21, 2017, plaintiff Rhonda Iredia-Ortega filed a complaint along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Subsequently, on April 24, 2017, plaintiff also filed a notice outlining names of additional defendants. (ECF No. 3.)[1]

Plaintiff's complaint is subject to screening in accordance with 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] Plaintiff also filed a motion for a temporary restraining order, which was denied by the assigned district judge. (ECF Nos. 4, 5.)

1

A federal court also has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff's complaint makes vague and conclusory references to numerous federal statutes, but fails to explain how they have any relevance to her claims. Liberally construed, plaintiff's complaint essentially alleges that she was wrongfully denied and/or underpaid various county and state public welfare benefits. However, plaintiff's allegations in that regard fail to state a cognizable federal claim. California state law provides plaintiff with an opportunity to seek a state hearing before an administrative law judge to review a denial or underpayment of such public social services/benefits. See, e.g., Cal. Welf. & Inst. Code §§ 10950 et seq. If plaintiff is ultimately dissatisfied with the state agency's final decision, plaintiff may seek judicial review by filing a petition in a state superior court, such as the Sacramento County Superior Court. Id. § 10962. Therefore, although the court is not unsympathetic to plaintiff's alleged need for benefits, a federal court is not the appropriate forum in which to pursue judicial review pertaining to such benefits.

Plaintiff's complaint, as supplemented by the notice outlining additional defendants, also appears to assert unspecified types of fraud and other claims against commercial entities, the American Arbitration Association, wireless companies, coin grading companies, the Japanese government, and certain individuals. The court has carefully reviewed those claims, finds them wholly insubstantial, and recommends that they be dismissed pursuant to the substantiality doctrine. "Under the substantiality doctrine, the district court lacks subject matter jurisdiction

when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

The court has carefully considered whether plaintiff, especially in light of her *pro se* status, should be provided with an opportunity to amend her complaint. However, in light of the nature of plaintiff's allegations, which show that the court plainly lacks subject matter jurisdiction over the types of claims asserted, the court concludes that granting further leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). However, dismissal should be without prejudice, to provide plaintiff an opportunity to pursue her claims in the appropriate state forum.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.
2. The motion to proceed *in forma pauperis* in this court (ECF No. 2) be DENIED AS MOOT.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and other non-frivolous motions for emergency relief, the court will not address or respond to any motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  May 9, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE